United States District Court

Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>MINH HIEU TRAN, AN INDIVIDUAL MANAGING THE YOUTUBE CHANNELS AGRICULTURAL INSIGHT, and DOES 1-10<br><br>                    Defendant. | Case No. 25-cv-05521-WHO<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATE SERVICE**<br><br>Re: Dkt. No. 17 |

Plaintiff moves for leave to serve defendant Ming Hieu Tran by alternative service of process. It seeks to serve to an email address plaintiff secured by subpoena on Google disclosing the operator of the YouTube channel "Agricultural Insight," where plaintiff alleges infringing content has been shown. *See* Amended Complaint, Dkt. No. 16; Motion for Service, Dkt. No. 17.

Plaintiff's motion is DENIED without prejudice.

The main hurdle for plaintiff is that I have required – in materially similar cases where plaintiffs seek permission for alternative service in foreign countries which are Hague Convention signatories – good faith attempts at service through the Hague Convention before considering an application for alternative service by email. *See Hall v. News Nation Network Pvt. Ltd. et al.*, Case No. 25-cv-01537-WHO (India); Clement et al v. News Nation Network Pvt. Ltd., Case No. 25-cv-01540-WHO (India); *Viral DRM LLC v. Lacomba et al.*, Case No. 24-cv-07108-WHO (Mexico). If plaintiff has grounds to argue that Vietnam's Hague Convention agreements are materially different than Mexico's or India's agreements, within ten (10) days of the date of this Order plaintiff may file a supplemental brief explaining why that is so and why, unlike in my other cases, plaintiff is not required to at least attempt service through the Hague Convention before

seeking alternative service through email. Otherwise, the application for alternative service will not be granted until plaintiff has at least made good faith efforts to serve through the Hague Convention in Vietnam.

There are two additional issues with plaintiff's showing here, although both appear to be easy to fix. The only named defendant in this case is Ming Hieu Tran. *See* Amended Complaint ¶ 2. Plaintiff has shown that "Ming Hieu Tran" submitted allegedly false DMCA counter-notices to YouTube, claiming to be the legal rights holder to the content at issue created by "my team: Agricultural Insight," and identifying as the responsive counter-notice email denda0duong.pro@gmail.com. *See* Motion, Ex. A. However, the subpoena return from Google discloses the account holder for the Agricultural Insight channel as "Ngoc Tran" and the contact email as midomediapro@gmail.com. *Id*., Ex. B. Plaintiff here seeks leave to serve midomediapro@gmail (not denda0duong.pro@gmail) in order to serve Ming Hieu Tran (not Ngoc Tran). Plaintiff is given leave to file a further amended complaint to explain its choice of defendant or to name Ngoc Tran as a plaintiff.

Finally, while plaintiff has undertaken efforts to serve Ming Hieu Tran by mail at the address disclosed in the counter-notices, *see* Declaration of Mohamed Othmane Samie (Dkt. No. 17-1) ¶ 6, it is not clear what physical address the notices were sent to. This too is easily fixed through a declaration identifying the specific address or addresses the notices were mailed to in Vietnam.

On this record, plaintiff has not shown justifications for excusing service through the Hague Convention on the sole named plaintiff Ming Hieu Tran. The motion for alternative service is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: March 4, 2026

William H. Orrick
United States District Judge